No. 69.   JAMES CARTY *v.* WILLIAM P. JARRETT. Exceptions from Circuit Court, First Circuit.   Petition for Rehearing.   Filed September 26, 1912.   Decided October 1, 1912.   Robertson, C.J., Perry and De Bolt, JJ.   Per curiam: The defendant asks for a rehearing upon the grounds that the court overlooked matters decisive of the case in deciding that there was evidence sufficient to justify the jury in finding that the horses belonged solely to McWayne; that the court was wrong in holding that where there is no conflict in the evidence the question whether an estoppel has been proven is one of law; that the court was wrong in holding that the facts submitted did not constitute an estoppel; and that the court failed to consider the evidence of copartnership by estoppel in connection with the evidence of copartnership by contract.

We find no merit in the points advanced by defendant's counsel. The question as to the actual ownership of the horses rested upon the testimony of McWayne.   Hordorn was not called as a witness.   McWayne was examined and cross-examined quite fully on the subject, and his testimony was clear.   The claim that McWayne was estopped to deny that Hordorn was interested in the horses as a copartner presented nothing different in principle from the claim of an estoppel on McWayne's part to deny that Hordorn had a joint interest in the animals.   As to the question of estoppel by representation:   In practice it is commonly found that the question of estoppel *in pais* is one of mixed law and fact which must be left to the jury to decide under appropriate instructions.   But where, as in the case at bar, the undisputed evidence is insufficient in law to support the claim there is nothing to submit to the jury.   The court must dispose of the matter as in any case of insufficiency of proof.

The petition is denied without argument under Rule 5.

*Thompson, Wilder, Watson & Lymer* for plaintiff.

*E. C. Peters* for defendant.